UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| The United States of America for the Use of Trane US, Inc., | Case No. 16 cv- |
| Plaintiff | |
| -vs- | |
| Colonial Surety Company, | |
| Defendant. | |

-------------------------------------------------------------------

## **COMPLAINT**

COMES NOW Plaintiff, the United States of America for the Use of Trane US, Inc., for its claim and cause of action against the defendant, states and alleges as follows:

### **JURISDICTION AND VENUE**

1. The plaintiff, The United States of America for the Use of Trane US, Inc., (hereinafter referred to as "Trane US") is a subcontractor of TJB Air Conditioning, LLC (hereinafter referred to as "TJB").

2. TJB was the prime contractor for Trane US, for a construction project identified as the 105th Air Wing, Stewart Air Force Base, Newburgh, New York (hereinafter "Project").

3. This court has exclusive subject matter jurisdiction of this claim pursuant to 40 U.S.C. § 3131, et. seq.

4. Venue is proper in the Southern District of New York pursuant to 40 U.S.C. § 3133(b)(3)(B) in that the contract was to be performed and executed at the location of the Project which is located within this district.

## PARTIES

5. Trane US is a Delaware Corporation existing under and in good standing pursuant to the Delaware statutes with its principal place of business at 3600 Pammel Creek Road, La Crosse, Wisconsin. Trane US is duly authorized to conduct business in the State of New York.

6. Defendant, Colonial Surety Company (hereinafter referred to as "Colonial") is a corporation organized and existing under the laws of the State of Pennsylvania with a place of business at 123 Tice Boulevard, Woodcliff Lake, New Jersey.

## FACTS

7. TJB was acting as a general contractor with the federal government or a federal government entity for the Project. TJB, as principal, and defendant Colonial, as surety, executed a payment bond dated September 9, 2014, identified as payment bond number CSC-222150 (hereinafter "Bond"). Pursuant to the terms of the Bond, TJB and Colonial, and each of them, bound themselves jointly and severally to all the persons supplying labor and material in the prosecution of the work provided in the prime contract for the Project.

8. The Bond was duly accepted by the federal government and the bond is a valid and subsisting bond. A copy of the Bond is attached hereto and incorporated herein by reference as Exhibit A.

9. Thereafter, on or about September 18, 2014, Trane US and TJB entered into a contract by virtue of TJB's written purchase order in the amount of $30,224.28. Pursuant to the purchase order Trane US agreed to furnish certain heating, ventilating and air conditioning equipment, plus startup of New Boilers for TJB's Project. A copy of the Purchase Order issued by TJB and the resultant invoice are attached hereto, collectively, as Exhibit B.

10. Plaintiff furnished all of the equipment and start-up labor required under its contract with TJB. On or about June 17, 2015 Trane US completed work on the Project and promptly submitted requests to TJB for compensation for performance of Trane US's contractual services. Acting in compliance with the terms of the contractual agreement which was formed, Trane US timely and properly provided services and/or material as was contractually agreed.

11. Trane has provided all of these services and material in a professional and workmanlike manner and in accordance with industry standard and provided parts and material of the highest quality. In each case, the work and materials were either authorized pursuant to the purchase order or by TJB or its agents. Trane US has made demand upon TJB for payment of the services and materials, however TJB has refused to make payment.

12. On December 8, 2015, TJB filed a petition under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of Florida. Accordingly, Plaintiff is constrained from pursuing payment of its outstanding balance directly from TJB except through its chapter 11 proceedings. Plaintiff has been listed as a creditor by TJB in its bankruptcy schedules.

13. The principal balance due and owing to Plaintiff, and unpaid by TJB is $30,224.28.

## COUNT ONE - MILLER ACT CLAIM AGAINST COLONIAL

14. Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 though 13 above as if more fully stated herein.

15. By virtue of the Payment Bond No. CSC-222150, Defendant Colonial is contractually bound to pay Plaintiff the outstanding balance of $30,224.28 that has not been paid by TJB.

16.     Due to the bankruptcy filing by TJB, Plaintiff is enforcing its right to payment of the balance of $30,224.28 under the Miller Act, 40 U.S.C. §3131 – 3134, from Colonial.

17.     One year has not elapsed from the last date that Plaintiff furnished its labor and/or equipment for the Project.  On or about September 17, 2015, Plaintiff mailed a Notice of Claim under the Federal Miller Act to Defendant.  A copy of said Notice together with certified mail receipts are annexed hereto, collectively, as Exhibit C.

18.     Thereafter, on November 15, 2015, Plaintiff submitted a Proof of Claim to Defendant, a copy of which is annexed hereto as Exhibit D.  Although Plaintiff has made demand on Colonial and filed the appropriate proof of claim with Colonial, Defendant has failed, refused, and neglected to pay Plaintiff.

19.     Defendant is liable to the Plaintiff, under the Miller Act Bond, in the amount of $30,224.28, plus interest, costs and disbursements.

## COUNT TWO AGAINST COLONIAL

20.     Trane US repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 though 19 above as if more fully stated herein.

21.     Defendant has breached its covenant of good faith and fair dealing by failing to act in good faith adherence with the terms of the contractual agreement which had been formed in failing to timely provide Trane US with the payment of $30,224.28 for contractual goods and services which Trane US provided.

22.     As a result of the actions of Colonial in violating the covenant of good faith and fair dealing, Trane US's justified expectation under the contractual agreement which was formed has been denied.

23. As a result of the actions of Colonial in violating the covenant of good faith and fair dealing, Trane US has sustained monetary damages in an amount of $30,224.28.

## **CLAIM FOR RELIEF**

24. Trane US repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 though 23 above as if more fully stated herein.

25. As a direct and proximate result of the material breach of the contract by Colonial for failing to pay the balance due, Trane US has suffered damage in the principal sum of $30,224.28.  Trane has duly demanded payment from Colonial but it has failed to pay the balance due and owing.

26. Trane US has complied with all conditions precedent to its right of recovery hereunder.

WHEREFORE, Plaintiff demands judgment against Defendant Colonial in the amount of $30,224.28, together with interest, costs and disbursements, and such other and further relief as the Court may deem just and equitable.

**DATED**:  June 13, 2016                              **BORGES & ASSOCIATES, LLC**

By:  s/ Wanda Borges_____
Wanda Borges (wb4904)
Attorneys for Plaintiff
Trane US, Inc.
575 Underhill Blvd., Ste 118
Syosset, New York 11791
516-677-8200 x225
516-677-0806 (facsimile)
wborges@borgeslawllc.com